Judge Owslev
delivered the Opinion of the Court.
The case of Sabin versus Long, 1 Wil. Rep. 30, is decisive against the judgment rendered by thf court below, in this case.
Whore several damages arc assessed in trespass, plaintiff may take judgment for'the greater snni against him or them or whom they are assessed, but cannot have several judgments.
The plaintiff in cas'e, of several but eqnal damages assessed in trespass against two, may enter a romittitur of the, damages as* to one, and • then take * j udgment againsl both, for the dam-, ages assessed against the other—
Or he may enter a noli prosequi against one and take a judgment for the damages assessed agaiiicl the plhcr only-
That was an action of trespass against three defpndants, two of whom pleaded, and the other let judgment go by default. The jury, 6r» tria! of the issue* found for the plaintiff thirty-five shillings damages, and afterwards the plaintiff executed a writ of inquiry against the other defendant, ami two shillings damages was assessed by the jury, and judgment wás entered that the plaintiff do recover against two defendants thirty-five shillings, and against tiie other two shillings. It was held by 'the court, that the plaintiff might take judgment demeliovilms (¡«miiis, where several damages are given, or enter a remittitur j but tliat taking the judgment for the whole, makes the judgment bad in point of law.
The case now under consideration, wás an'action of trespass, assault and battery, against Francis Stone, Thomas Stone and John F. Waters. Fads of the Stones pleaded, but Waters suffered judg-' «sent to go against him by default ; and the jury, who were sworn to try the issue as to the Stones, and to enquire of damages as to Waters, returned a verdict, that Francis Stone and John F. Waters were guilty of the trespass in the declaration mentioned, and assessed the plaintiff’s damages, by reason thereof,"to twelve dollars- against each of them,, andas to Thomas Stone, the jury found he was not guilty. The court rendered judgment that the plaintiff recover of the defendants, Francis Stone avid John F. Waters, the sum of twelve dollars each, the damages assessed by the jury against them, and also his costs, &c. and as to the defendant, Thomas Stone, judgment was rendered against the plaintiff. '
Between this case and that cited from Wilson’s Reports, there is such a striking analogy in ail their essential attributes, that argument is altogether useless to prove that the decision which was made by the court in the latter case, must he conclusive against the judgment rendered in this ease.
But after judgment was rendered, the plaintiff, by his attorney, entered upon the record a release for the twelve dollars recovered against Waters, and .the question occurs, whether or not, by that release,' *138 the error previously committed, is cured? It would undoubtedly have been competent for the plaintiff, after the verdict was returned by the jury, and before judgment, to have entered a remittitur as to the damages assessed against Waters ; but if that liad been done, the court regularly should have rendered judgment against Waters and F. Stone jointly, for the damages assessed against the latter, unless, as might have been done, a noli prosequi had been entered against Waters, and in tliat case, judgment might have been entered against Francis Stone, and should not have been entered, as was done in this case, against him and Waters, jointly', for the costs. But as there was neither a remittitur for the damages assessed against Waters, nor a noli prosequi entered as to him before judgment, the judgment, as rendered, is most clearly erroneous, and that error cannot have been afterwards cured 'by the release of the damages assessed against Waters, which was entered upon the record.
Turner for plaintiffs.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and such proceedings and judgment there bad ami rendered, as may not be inconsistent with this opinion.